**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4463

FREDERICK FINLEY DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-95-187)

Submitted: February 27, 1997

Decided: March 13, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jacqueline Ann Hallinan, Charleston, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Michael L. Keller, Assis-
tant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frederick Finley Davis pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994). The district court sentenced Davis to serve 135 months imprisonment to be followed by three years supervised release. He appeals his conviction and sentence. Davis's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues, but stating that, in her view, there are no meritorious issues for appeal. Davis's counsel provided him with a copy of the Anders brief and informed him of his right to file a pro se supplemental brief; he failed to do so.

Davis's counsel presented the following issues for review: whether the district court erred in using a statement Davis made to a police officer, allegedly without the benefits of a Miranda warning;* whether such statement provided a reasonable indicia of reliability to support the district court's findings of relevant conduct; and, whether the district court properly calculated the amount of cocaine base attributable to Davis for sentencing purposes. Finding no reversible error, we affirm Davis's conviction and sentence.

As a result of Davis's guilty plea, he has waived review of all antecedent, non-jurisdictional errors. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Hall v. McKenzie, 575 F.2d 481, 484 (4th Cir. 1978). Therefore, Davis's claim that his non-Miranda statement was used against him is not reviewable on appeal.

Davis's remaining claims challenge aspects of the sentencing proceedings; however, because Davis did not object during the sentencing hearing, we review these issues for plain error only. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). An appeals court will not notice an error raised for the first time on appeal unless (1) there is an error, (2) which is plain, (3) which affects the substantial rights of the defendant, and (4) which must be corrected to avoid a miscarriage of justice or damage to the "fairness,

_____

*Miranda v. Arizona, 384 U.S. 436 (1978).

2

integrity or public reputation of judicial proceedings." <u>Olano</u>, 507 U.S. at 736-37; <u>see United States v. Cedelle</u>, 89 F.3d 181, 184 (4th Cir. 1996).

On two separate occasions, Davis was monitored selling cocaine base during controlled buys with Government operatives. After his arrest, he admitted to a police officer that he had been selling approximately $1000 worth of cocaine base per week since being released from prison to begin serving a supervised release term for a prior offense. The Government calculated this time span as thirty weeks. To ascertain the relevant conduct for sentencing purposes, the Government took the lowest per-gram price of cocaine base that Davis sold to the Government operatives and divided that price into Davis's admitted drug income of $1000 a week for thirty weeks. The district court accepted this extrapolation and the Government's final calculated range of 50 to 150 grams of cocaine base as relevant conduct, and sentenced Davis accordingly.

When no drugs are seized during an arrest, or when the amount seized does not reflect the scale of the offense, a sentencing court may consider the sums of money involved in the offense to reach an approximation of the quantity of drugs for which the defendant should be held liable. <u>See United States v. Hicks</u>, 948 F.2d 877, 882 (4th Cir. 1991). We therefore find that the district court did not plainly err in its calculation of the amount of cocaine base attributable to Davis for sentencing purposes. For the foregoing reasons, we affirm Davis's conviction and sentence.

In accordance with the requirements of <u>Anders</u>, we have examined the entire record in this case and find no potentially meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3